UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTONIO DARNELL ROBINSON,<br><br>                          Petitioner,<br><br>    v.<br><br>ANTHONY M. SCILLIA, et al.,<br><br>                        Respondents. | Case No. 2:11-cv-00321-MMD-CWH<br><br>ORDER |

This habeas matter comes before the Court on its *sua sponte* inquiry into whether the petition is subject to dismissal as a mixed petition because Ground 2 is not exhausted. This order follows upon a prior show-cause order (dkt. no. 7) and petitioner's response (dkt. no. 8) thereto.

Petitioner Antonio Robinson seeks to set aside his June 16, 2009, Nevada state conviction, pursuant to a guilty plea, of burglary and his adjudication as a habitual criminal. He did not file a direct appeal, but he did pursue a timely state post-conviction petition.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner

1    must refer to the specific federal constitutional guarantee and must also state the facts

2    that entitle the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v.*

3    *Payne*, 223 F.3d 983, 987 (9th Cir. 2000).   That is, fair presentation requires that the

4    petitioner present the state courts with both the operative facts and the federal legal

5    theory upon which his claim is based.  *E.g., Castillo v. McFadden*, 399 F.3d 993, 999

6    (9th Cir. 2005).  The exhaustion requirement insures that the state courts, as a matter of

7    federal-state comity, will have the first opportunity to pass upon and correct alleged

8    violations of federal constitutional guarantees.  *See, e.g., Coleman v. Thompson*, 501

9    U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

10          Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a

11   mixed petition presenting both exhausted and unexhausted claims must be dismissed

12   without prejudice unless the petitioner dismisses the unexhausted claims or seeks other

13   appropriate relief.

14          In Ground 2, petitioner alleges that he was denied due process in violation of the

15   Fourteenth Amendment when the sentencing court did not exercise its discretion under

16   N.R.S. 207.010(2) and make a judgment as to whether it was just and proper to

17   sentence him as a habitual criminal.  He maintains that the court did not do so because

18   it felt that it must follow the plea agreement stipulating to sentencing under the "small"

19   habitual criminal statute.

20          On state post-conviction review, the Supreme Court of Nevada declined to reach

21   the merits of this claim on the following grounds:

22            Next, appellant claimed that the district court erred at sentencing by
             following appellant's sentencing agreement with the State.  This claim fell
23            outside the scope of claims permissible in a post-conviction petition for a
             writ of habeas corpus challenging a judgment of conviction based upon a
24            guilty plea. NRS 34.810(1)(a). Therefore the district court did not err in
             denying this claim.
25

26   Dkt. no. 4, Ex. 37, at 2.

27          Presenting a claim in a procedural context in which the merits of the claim will not

28   be considered, or will be considered only in special circumstances, does not constitute

2

1    fair presentation of the claim for purposes of exhaustion.  *See, e.g., Castille v. Peoples*,

2    489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v.*

3    *Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

4            The statute referenced by the state supreme court provides:

5            1.      The court shall dismiss a petition if the court determines that:

6                            (a) The petitioner's conviction was upon a plea of guilty or
7            guilty but mentally ill and the petition is not based upon an
             allegation that the plea was involuntarily or unknowingly entered or
             that the plea was entered without effective assistance of counsel.
8

9    N.R.S. 34.810(1)(a).

10           The Supreme Court of Nevada therefore did not reach the merits of the claim in

11   Ground 2 because the claim was not presented in a procedural context in which the

12   merits of the claim would be considered.  A challenge seeking to raise a sentencing

13   error will not be considered via a state post-conviction petition filed following entry of a

14   guilty plea under Nevada state practice.

15           Petitioner's arguments to the contrary are not persuasive.  Petitioner contends

16   that Ground 2 is exhausted because Nevada courts allegedly do not consistently apply

17   N.R.S. 34.810(1)(a).  He cites to a Nevada Supreme Court decision considering a claim

18   of sentencing error raised in a state post-conviction petition following entry of a guilty

19   plea.  This argument confuses exhaustion and procedural default.  Consistency in

20   application of a state procedural rule is a potential concern only in determining whether

21   a rule is an "adequate" state law rule for purposes of the procedural default doctrine.

22   The Nevada Supreme Court did not hold that the claim was procedurally barred but

23   instead only found that the claim would not be considered via a state post-conviction

24   petition.[1]

25   ///

26

27           [1]Moreover, inconsistent application of a state procedural rule does not
     necessarily render the rule an inadequate ground for purposes of the procedural default
28   doctrine.  *See, e.g., Walker v. Martin*, 131 S.Ct. 1120, 1129-30 (2011).

1    Petitioner further contends that Ground 2 may be considered as a "continuation"

2  of the prejudice prong on the claim of ineffective assistance of counsel in Ground 1.

3  There is no legal basis for holding that an unexhausted claim is exhausted as a

4  "continuation" of an exhausted claim.  Moreover, Grounds 1 and 2 do not challenge the

5  same underlying alleged deficiency in the habitual criminal adjudication.  In Ground 1,

6  petitioner alleges that he was denied effective assistance of counsel because counsel

7  failed to object to the suitability of specific prior judgments of conviction as predicates

8  for a habitual criminal adjudication.  The claim in Ground 2 instead is that the state

9  district court erred in failing to exercise its discretion in the habitual criminal adjudication

10  due to the plea agreement.  A claim based upon an alleged failure to exercise discretion

11  in the habitual criminal adjudication does not constitute a "continuation" of a claim

12  premised instead upon alleged deficiencies in the prior judgments of conviction.  The

13  alleged underlying errors are distinct and different from one another.

14    The Court therefore holds that Ground 2 is unexhausted.

15    IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days from

16  entry of this order within which to file a motion for dismissal without prejudice of the

17  entire petition, for partial dismissal only of the unexhausted Ground 2, and/or for other

18  appropriate relief.  The entire petition will be dismissed without prejudice for lack of

19  complete exhaustion if an appropriate motion is not timely filed.

20

21    DATED THIS  12th day of February 2013.

22    _____

23    MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE

24

25

26

27

28

4